**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **YOLANDA ZAPATA** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **V.** | § | **Civil Action No. 5:26-cv-00184** |
| | § | |
| **QUIKTRIP CORPORATION** | § | |
| ***Defendants.*** | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff Yolanda Zapata files this Second Amended Complaint against Defendants QuikTrip Corporation and QT South LLC, adding QT South LLC as a Defendant to correctly identify the entity or entities that owned, operated, managed, and/or controlled the premises where the incident giving rise to this lawsuit occurred, and respectfully shows the Court as follows:

## I. PARTIES

1. Plaintiff Yolanda Zapata is an individual and citizen of Texas who resides in Bexar County, Texas.

2. Defendant QuikTrip Corporation is a corporation authorized to conduct business in the State of Texas.

3. Defendant QT South LLC is a limited liability company authorized to conduct business in the State of Texas.

4. Plaintiff originally filed this lawsuit against QuikTrip Corporation. Plaintiff amends this Complaint to add QT South LLC as a Defendant, upon information and belief the entity that owned, operated, managed, and/or controlled the premises where the incident made the basis of this lawsuit occurred, without waiver of Plaintiff's claims against QuikTrip Corporation. All references to "Defendants" in this Second Amended Complaint refer to QuikTrip Corporation and QT South LLC, collectively and/or individually, unless otherwise specified.

5. Upon information and belief, Defendant QuikTrip Corporation is a citizen of a state other than Texas for purposes of diversity jurisdiction.

6. Upon information and belief, Defendant QT South LLC is a citizen of a state other than Texas for purposes of diversity jurisdiction.

7. Defendants have appeared in this action. To the extent service is required, Defendants may be served in accordance with the Federal Rules of Civil Procedure.

## II. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and each Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants because Defendants conduct business in Texas, operate premises in Texas, and the incident made the basis of this lawsuit occurred at Defendants' premises in San Antonio, Bexar County, Texas.

10. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## III. FACTUAL ALLEGATIONS

11. On or about April 10, 2025, Plaintiff was injured on Defendants' premises located at 9919 San Pedro Avenue, San Antonio, Texas 78216.

12. At the time of the incident, the premises was operated as a QuikTrip convenience store and/or gas station by Defendant QuikTrip Corporation and/or Defendant QT South LLC.

13. Plaintiff was lawfully on Defendants' premises as a customer and business invitee.

14. Plaintiff was on the premises for the mutual benefit of herself and Defendants.

15. At all relevant times, Defendants, or one or more of them, owned, operated, managed, controlled, maintained, and/or possessed the premises where Plaintiff was injured.

16. On April 10, 2025, Plaintiff arrived at Defendants' premises to use the restroom.

17. After using the premises, Plaintiff was walking back toward her vehicle.

18. While walking in the parking lot area, Plaintiff slipped and fell on an oil spill and/or slippery substance located on the walking surface.

19. The oil spill and/or slippery substance created an unreasonably dangerous condition on the premises.

20. The dangerous condition posed an unreasonable risk of harm to customers and invitees, including Plaintiff.

21. Plaintiff did not know of the dangerous condition before she fell.

22. The dangerous condition was not adequately marked, blocked off, cleaned, removed, or otherwise made safe before Plaintiff encountered it.

23. Defendants, through their agents, representatives, employees, and/or persons for whom they are legally responsible, knew or reasonably should have known of the dangerous condition before Plaintiff's fall.

24. Defendants failed to exercise ordinary care to protect Plaintiff from the dangerous condition.

25. As a result of the fall, Plaintiff sustained serious injuries and damages.

## IV. PREMISES LIABILITY

26. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

27. Plaintiff was an invitee on Defendants' premises at the time of the incident.

28. Defendants owed Plaintiff the duty to exercise ordinary care to keep the premises in a reasonably safe condition.

29. Defendants' duty included the duty to inspect the premises, discover unreasonably dangerous conditions, make such conditions safe, and/or adequately warn invitees of dangerous conditions.

30. The oil spill and/or slippery substance on the walking surface constituted an unreasonably dangerous condition.

31. Defendants knew or, in the exercise of ordinary care, should have known of the dangerous condition.

32. Defendants breached their duty of ordinary care in one or more of the following respects:

    a. Failing to maintain the parking lot and walking areas in a reasonably safe condition;

    b. Failing to properly inspect the parking lot and walking areas;

    c. Failing to discover the oil spill and/or slippery substance within a reasonable time;

    d. Failing to clean, remove, or otherwise make safe the oil spill and/or slippery substance;

    e. Failing to warn Plaintiff of the dangerous condition;

    f. Failing to block off, barricade, or otherwise secure the area containing the dangerous condition;

    g. Failing to implement reasonable policies and procedures for inspecting, maintaining, and cleaning the premises;

h. Failing to follow reasonable policies and procedures for inspecting, maintaining, and cleaning the premises; and

i. Failing to exercise ordinary care under the circumstances.

33. Each of Defendants' acts and/or omissions, whether taken separately or together, constituted negligence and premises liability.

34. Defendants' acts and/or omissions proximately caused Plaintiff's injuries and damages.

## V. DAMAGES

35. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Yolanda Zapata sustained injuries and damages.

36. Plaintiff seeks recovery of damages recoverable under Texas law, including but not limited to:

a. Past medical expenses;
b. Future medical expenses;
c. Incidental expenses;
d. Lost wages;
e. Loss of future earning capacity;
f. Past physical pain and suffering;
g. Future physical pain and suffering;
h. Past mental anguish;
i. Future mental anguish;
j. Physical impairment; and
k. Any other damages recoverable under applicable law.

37. Plaintiff seeks monetary relief in an amount exceeding $75,000.00, exclusive of interest and costs.

38. Plaintiff further seeks all other relief to which she may be justly entitled.

## VI. INTEREST AND COSTS

39. Plaintiff seeks pre-judgment interest and post-judgment interest as allowed by law.

40. Plaintiff seeks recovery of taxable court costs and all other recoverable costs permitted by law.

## VII. JURY DEMAND

41. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Yolanda Zapata respectfully requests that Defendants QuikTrip Corporation and QT South LLC be required to appear and answer, and that upon final trial or other disposition, Plaintiff recover judgment against Defendants, jointly and severally, for:

a. Actual damages in an amount to be determined by the jury;

b. Pre-judgment interest as allowed by law;

c. Post-judgment interest as allowed by law;

d. Taxable court costs;

e. Trial by jury on all issues so triable; and

f. Such other and further relief, at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

HERRMAN & HERRMAN, PLLC
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78404
Telephone: (361) 882-4357
Facsimile: (361) 883-7957
Email:
crystal.taylor@herrmanandherrman.com
*E-Service only:
Team130@herrmanandherrman.com

By: /s/ Crystal Taylor
CRYSTAL TAYLOR
SBN: 24121859
FBN: 3872741
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiff conferred with counsel for Defendant QuikTrip Corporation regarding Plaintiff's filing of the prior First Amended Complaint and Jury Demand (naming QuikTrip Corporation as the sole Defendant), filed July 7, 2026. Counsel for Defendant, Katie Santmyer, provided written consent by email on July 1, 2026, stating that Defendant does not oppose that prior amendment.

I further certify that counsel for Plaintiff additionally conferred with counsel for Defendant on August 11, 2026, regarding the correction of Defendant's name to QT South LLC. Counsel for Defendant, Katie Santmyer, confirmed that Defendant does not oppose that correction.

*/s/ Crystal Taylor*
CRYSTAL TAYLOR

## CERTIFICATE OF SERVICE

I certify that on August 12, 2026, a true and correct copy of the foregoing Plaintiff's Second Amended Complaint and Jury Demand was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Court's electronic filing procedures.

**Via CM/ECF**
Katherine Santmyer
Katie@texasdefense.com
Lynn S. Castagna
Lynn@texasdefense.com
Castagna Scott PLLC
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
Telephone: (512) 329-3290

*/s/ Crystal Taylor*
CRYSTAL TAYLOR